LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2013 OCT 14 PM 3: 36

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHAMORRO EQUITIES, INC., | )    CIVIL CASE NO. CV0401-13 |
| Plaintiff, | ) |
| | ) |
| | )    **DECISION AND ORDER** |
| vs. | )    (Defendant's Motion to Dismiss) |
| | ) |
| | ) |
| ANTHONY R. ULLOA, | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 7, 2013, on Anthony R. Ulloa's ("Defendant") Motion to Dismiss. Defendant was represented by Attorney Gary W.F. Gumataotao. Chamorro Equities, Inc. ("Plaintiff") was represented by Attorney Charles H. McDonald II. Plaintiff's counsel was not present for oral arguments on the motion. Accordingly, Defendant submitted on the briefs. Following the hearing, the Court took the matter under advisement. Upon review of the written arguments and legal authorities presented by both parties, the Court hereby issues this Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

On March 28, 2013, Plaintiff filed a Complaint to Recover Finder's Fee or Commission Paid to Broker. Plaintiff alleges, *inter alia*, "[o]n or about June 1, 2012, a mortgage loan was made by Calvo's Insurance Underwriters, Inc., to the Plaintiff in the amount of Two Hundred Ninety Thousand and 00/100 Dollars ($290,000.00). The loan was fully collateralized by both a

ORIGINAL



First Fee Simple Mortgage and an Assignment of Rents for the location of Cost-U-Less in Harmon. The interest rate on the loan was twelve percent (12%) per annum, with monthly payments of interest only, and with a balloon payment due on June 30, 2013." *See Plaintiff's Complaint* (Mar. 28, 2013). Plaintiff also alleges that Defendant Ulloa "charged to Plaintiff a Finder's Fee, or a Commission, of Forty Thousand and 00/100 Dollars ($40,000.00). This Finder's Fee or Commission was equal to fourteen percent (14%) of the total loan amount thus reducing the loan proceeds from Two Hundred Ninety Thousand and 00/100 Dollars ($290,000.00) to Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00)." *Id.*

Consequently, Plaintiff requests that the Finder's Fee Agreement or Commission Agreement with Defendant be null and void. Likewise, Plaintiff requests for judgment against the Defendant in the amount of the principal sum of $40,000.00. Id. Plaintiff also prays for pre-judgment interest at the rate of 6% from June 1, 2012 to the date of judgment or payment in full, post judgment statutory interest at the rate of 6% per annum, reasonable attorneys' fees, costs of suit, post-judgment attorneys' fees and costs, and for such other and further relief as seems just and equitable in the premises. *Id.*

Defendant filed his Answer on April 24, 2013. Defendant admits that he is a resident of Guam. He denies the allegations in paragraphs 1, 5 and 8 of the Complaint. He lacks sufficient information to form a good faith belief and therefore denies allegations contained in paragraphs 2, 4, 6, 7, 9 and 10 of the Complaint. Defendant also objects to Exhibit "A" attached to the Complaint. Defendant states his affirmative defenses as follows: (1) Complaint fails to state a claim; (2) lacks jurisdiction; (3) no duty owed—no duty breached; (4) good faith of the Defendant; (5) lack of knowledge; (6) Failure to join indispensable parties; (7) statute of limitations; and (8) no demand for repayment." *Def's. Answer* (Apr. 24, 2013).

On May 20, 2013, Defendant filed a Motion to Dismiss. Plaintiff's opposition was filed on June 17, 2013. Defendant filed a reply on June 25, 2013. The Court set oral arguments for July 9, 2013. At that hearing, Defendant submitted on the briefs.

## DISCUSSION

Guam Rules of Civil Procedure 12(b) provides how defenses and objections are to be presented by pleading or motion.

> (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> (6) failure to state a claim upon which relief can be granted.
> A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined to one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for which relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Guam R. Civ. P. 12(b)(6).

In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech Int'l. Corp. v. Hanil Eng'g & Const. Co., Ltd.*, 2010 Guam 13 ¶ 29 (citing *Mercado Arocho v. United States*, 455 F.Supp.2d 15, 19 (D.P.R.2006) (quotation omitted)). Dismissal under Rule 12(b)(6) is not proper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957). "[T]he court is not required to

accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.* Further, the Court is to construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. *See Id.* (citing *Clegg v. Cult Awareness Network, et al.* 18 F.3d 752, 754-55 (9th Cir. 1994).

The Supreme Court of Guam has also instructed that in ruling on a Rule 12(b)(6) motion to dismiss, the dismissal motion must convert into a summary judgment motion whenever the Court considers extraneous material outside the pleadings. *See Core Tech Int'l. Corp. v. Hanil Eng'g & Const. Co., Ltd.*, 2010 Guam 13 ¶ 29 (citing *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 18). "[The Guam Supreme Court's] holding in *Newby* accords with the general rule that a Rule 12(b)(6) motion to dismiss must be converted into a Rule 56 motion for summary judgment whenever 'matters outside the pleadings' are presented to and considered by the court:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."

*Id.*

The instant case arises out of a fraud claim. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." GRCP 9(b). Accordingly, "[t]he elements of fraud are: '(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting

damages." *Hemlani v. Flaherty*, 2003 Guam 17 ¶ 9 (citing *Transpacific Export Cot. V. Oka Towers Corp.*, 2000 Guam 3 ¶ 23).

Defendant argues that Plaintiff fails to plead fraud with particularity; there is no basis for fraud; plaintiff lacks authority to enforce; and plaintiff demands attorneys' fees without a lawful basis. *See Def.'s Mot. to Dismiss* at 5-9 (May 20, 2013). Conversely, Plaintiff argues that the Complaint states a valid fraud claim. *Pl.s Opp'n Mot.* at 1 (Jun 17, 2013). Furthermore, Plaintiff contends that Defendant's Motion to Dismiss can be decided without considering matters outside of the pleadings. *Id.* at 4.

With respect to the first element to bring forth a fraud claim, the Court agrees with Plaintiff that paragraphs 7 and 9 of the Complaint, when read together, clearly allege that Defendant misrepresented to Plaintiff that he was legally able to collect a finder's fee when in fact he was not able to do so because he was not a licensed real estate broker. As concerns the second element, paragraphs 5 and 9 of the Complaint allege that Defendant claimed he was a licensed broker and legally capable of accepting a brokers' commission, when in fact he was aware that he was not a licensed broker capable of accepting a finder's fee. As concerns element 3, the Court agrees with Plaintiff that it can be inferred from paragraphs 5, 7, and 9 of the Complaint that Defendant intended to defraud Plaintiff by charging a finder's fee when in fact he was unable to legally do so pursuant to 21 GCA §§ 104101 and 104102(12). In relation to the fourth element of fraud, paragraphs 6 and 7 of the Complaint sufficiently allege that Plaintiff justifiably relied on Defendant's claim that he was legally able to accept or charge a finder's fee because Calvo's Insurance provided Plaintiff with a loan and in return Plaintiff paid to Defendant a finder's fee. Lastly, paragraphs 7 and 10 of the Complaint clearly allege damages.

In review of the Complaint and written instruments attached therein as exhibits for purposes of a 12(b)(6) motion , the Court is satisfied at this time that Plaintiff has pled the instant matter with particularity required under Guam's Rules of Civil Procedure. Likewise, the Court is of the opinion that the instant motion to dismiss can be decided without considering matters outside of the pleadings. Therefore, Defendant's Motion to Dismiss is **DENIED**.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

**SO ORDERED** this ___14___ day of OCTOBER, 2013.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

OCT 14 2013

Alvimar D. Quitoriano
Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

McDonald Guam ATAOTAO

OCT 14 2013 Date: Time: 350 pm

Deputy Clerk, Superior Court of Guam